IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 07-cv-01556-LTB

CHARLES R. ANDERSON,

    Plaintiff,

v.

NATIONAL CITY BANK, a National Banking Association,

    Defendant.
_____

ORDER
_____

This case is before me on Defendant's Motion to Dismiss Second-Filed Action [Doc # 2]. After consideration of the motion, related pleadings, and the case file, I grant the motion.

## I. Background

In this case, Plaintiff asserts claims against Defendant for violation of the Truth in Lending Act ("TILA"), unjust enrichment, moneys had and received, conversion, and violation of the Uniform Fiduciaries Law. Plaintiff's claims arise out of Defendant's payment of forged checks on his home equity line of credit.

The parties in this case are also parties in the case of *Anderson v. National City Bank*, Case No. 06-cv-02427 ("Anderson I"), which is pending before Judge Blackburn. In Anderson I, Plaintiff asserts claims against Defendant for declaratory relief, negligence, breach of contract, and injunctive relief also in connection with forged checks that were paid on his home equity line of credit with Defendant. The deadline for amending the pleadings in Anderson I was February 28, 2007, and the discovery cut-off date in that case was August 15, 2007.

On July 23, 2007, Plaintiff sought to amend its reply to Defendant's counterclaims in Anderson I to add a defense based on TILA. The magistrate judge denied Plaintiff's motion on the basis that Plaintiff did not make an adequate showing of good cause because his TILA defense could have been asserted previously. Defendant also unsuccessfully sought to consolidate this case with Anderson I. In denying Defendant's motion to consolidate, Judge Blackburn noted that consolidation would essentially permit Plaintiff to pursue claims that have already been determined to be procedurally barred in Anderson I.

Defendant argues that Plaintiff's Complaint in ths case should be dismissed because it is based on the same facts as that in Anderson I and represents an improper attempt to circumvent the deadline to amend the pleadings in that case. I agree.

## II. Analysis

As a preliminary matter, I reject Plaintiff's assertion that Defendant's motion to dismiss is untimely and proceed with an analysis of its merits.

"It is well-settled that a plaintiff may 'not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'" *Harstel Springs Ranch of Colo., Inc. v. Bluegreen Corp.,* 296 F.3d 982, 990 (10th Cir. 2002) (quoting *Walton v. Eaton Corp.,* 563 F.2d 66, 71 (3d Cir. 1977). "In particular, 'the court must [e]nsure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.'" *Id.*

The practice of filing nearly identical complaints in two separate actions is known as claim-splitting, and it has been analyzed as an aspect of res judicata. *Id.* at 986. Accordingly, under Colorado law, there are four elements relevant to the rule against claim-splitting: (1) finality

2

of the first judgment; (2) identity of subject matter; (3) identity of claims for relief; and (4) identity or privity between parties to the actions. *Id.* at 986-7 (quoting *Cruz v. Benine,* 984 P.2d 1173, 1175 (Colo. 1999). As to the first element though, a motion to dismiss the second-filed action need not wait until the first suit reaches final judgment. *Id.* at 987 n. 1.

With respect to the remaining elements of res judicata, the parties as well as the subject matter of Anderson I and this case are identical. Although Plaintiff states different claims for relief in the two cases, the "same claim ... requirement is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting claims relies." *Farmers High Line Canal & Reservoir Co. v. City of Golden,* 975 P.2d 189, 199 (Colo. 1999). In both this case and Anderson I, Plaintiff seeks redress for the injuries he suffered as a result of the fraudulent and unauthorized use of his home equity line of credit. All of the elements of res judicata are therefore satisfied.

Plaintiff argues that the principles of res judicata do not preclude his claims in this case because these claims are based on newly discovered evidence. Plaintiff fails, however, to identify the newly discovered evidence or explain how it supports the filing of a new lawsuit. Furthermore, a review of Plaintiff's Complaint in this case reveals that Plaintiff should have been able to assert his claims in this case at the time of the filing of the Complaint in Anderson I or prior to the deadline for amending the pleadings in that case. *See Integrated Tech. Ltd. v. Biochem Immunosystems (U.S.), Inc.,* 2 F. Supp. 2d 97, 102 (D. Mass 1998) ("If a claim is both transactionally related to one which is the subject of a pending lawsuit and was in existence at the time the first lawsuit was filed, then, ... it is incumbent on the plaintiff either to 1) include the second claim in the original complaint or 2) bring the second claim into the first action by a

3

motion to amend ...."). Under these circumstances, I reject Plaintiff's argument that the principles of res judicata are not applicable to the filing of this case.

Plaintiff also argues that the dismissal of this case is inappropriate based on the then pending motions to amend his reply to Defendant's counterclaims and to consolidate this case with Anderson I. As set forth above, both of these motions have now been denied for reasons similar to those set forth in this Order and fail to provide any basis for denying the relief requested by Defendant.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Second-Filed Action [Doc # 2] is GRANTED but without prejudice, with costs awarded to Defendant.

Dated: November   8  , 2007 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE